BASKIN, Judge
(dissenting).
Cherise Witters sustained a severe head injury when she fell off her bicycle. She suffered organic brain damage and motor nerve damage which affected her ability to speak. Her mental age dropped from that of a nine year old child to that of a child of age four years and nine months. Doctors recommended that she attend the McGlan-nan School to receive treatment and to improve her mental and nervous condition.
Paragraph nine of the policy summary states:
(9) Expenses incurred in connection with the treatment of mental or nervous conditions are co-insured at 50% (which includes psychologist’s charges provided the Participant or Dependent is under the supervision and direction of a qualified psychiatrist except in those states where a properly certified psychologist is considered a physician as defined in Part IX under “Definition of a Physician”) unless the Participant or his Dependents are confined as in-patients in a hospital or similar institution in connection with mental or nervous conditions. In that *504 case, qualified claims are covered at 80% during confinement and a period of five years immediately following the termination of any such confinement.
The language of paragraph nine clearly entitles Cherise Witters to recover from her insurer 50% of “expenses incurred in connection with the treatment of mental or nervous conditions.” I would reject Aetna’s contention that the expense of the school does not constitute a medical expense because the policy summary refers only to “treatment’ and not to medical treatment. In my view, paragraph nine independently confers coverage and covers the treatment afforded Cherise. The trial court award of 80% should be reduced in accordance with the policy language to 50%. I would affirm the award upon its reduction.
I would reverse the decision of the trial court insofar as it pertains to the denial of attorneys’ fees. § 627.428, Fla.Stat. (1975).